567 F.2d 713
 WHITING CORPORATION, Plaintiff-Appellee,
v.
WHITE MACHINERY CORPORATION and Eugene B. White, Jr.,
Defendants and Counter-Appellants,
v.
WHITING CORPORATION, W. A. Morey and Thomas L. Hammond,
Counter-Defendants- Appellees.
 No. 77-1643.
 United States Court of Appeals,
Seventh Circuit.
 Argued Oct. 25, 1977.
Decided Dec. 7, 1977.
 
 Charles F. Pigott, Jr., George H. Gerstman, Chicago, Ill., for defendants and counter-appellants.
 Fred S. Lockwood, John L. Alex, Stanley A. Walton, III, Chicago, Ill., for plaintiff-appellee.
 Before CASTLE, Senior Circuit Judge, COWEN, Senior Judge*, and PELL, Circuit Judge.
 PER CURIAM.
 
 
 1
 The issue presented for review in this appeal is whether the district court abused its discretion and improperly denied defendants-appellants' motion to disqualify plaintiff-appellee's attorneys.
 
 
 2
 In August 1976, defendant moved for an order to disqualify the law firm of Lockwood, Dewey, Zickert & Alex from representing either the plaintiff or, alternatively, from representing a non-party, The Hendrickson Manufacturing Company (Hendrickson), during the pendency of the litigation. The Lockwood firm had represented plaintiff for nearly 20 years, but had never represented the defendants. Hendrickson Manufacturing owns over 20 percent of the outstanding shares of White Machinery Corporation and by agreement, 40 percent of the board of directors of the Corporation are designated by Hendrickson. Hendrickson has been represented by the Lockwood firm since the 1940's in patent and trademark matters, which are wholly unrelated to the subject matter of the case on appeal. Hendrickson made no objection to the Lockwood firm's continuing representation of plaintiff in this case. In a Memorandum Opinion and Order of April 21, 1977, the district court denied the defendants' motion insofar as it sought to have the Lockwood firm disassociate itself during the pendency of the litigation from representing either plaintiff or Hendrickson. The order, however, directed the Lockwood firm to disassociate and refrain from representing and/or advising Hendrickson in connection with any proceedings relating to the subject matter of the litigation or related products during the pendency of the case. A motion for reconsideration was denied on May 20, 1977.
 
 
 3
 After considering the briefs of the parties and after hearing oral argument, we conclude that the district court properly denied the motion for disqualification of the attorneys involved and that the court's action did not constitute an abuse of its discretion. In so deciding, we are guided by a decision of this court that the district court "possesses broad discretion in determining whether disqualification is required in a particular case," and that the scope of our review is accordingly limited. Schloetter v. Railoc of Indiana, Inc., 546 F.2d 706 (7th Cir. 1976). In view of this disposition of the case, we assume without deciding that defendants have standing to challenge the alleged dual representation of the attorneys concerned.
 
 
 4
 Since we agree with the district court's Memorandum Opinion and Order, which is hereinafter set forth, we adopt it as our own. Accordingly, the district court's order, which denied the motion to disqualify the Lockwood firm from representing plaintiff or Hendrickson, and the order denying the motion for reconsideration are hereby affirmed.
 
 
 5
 Inasmuch as the district court's order is unpublished, a copy thereof is attached to this opinion as an appendix.
 
 APPENDIX
 
 6
 _______ as
 
 
 7
 IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
 
 DISTRICT OF ILLINOIS EASTERN DIVISION
 No. 73 C 107
 
 8
 WHITING CORPORATION,
 
 
 9
 Plaintiff.
 
 
 10
 v.
 
 
 11
 WHITE MACHINERY CORPORATION, et al.,
 
 
 12
 Defendants.
 
 MEMORANDUM OPINION AND ORDER
 
 13
 PARSONS, Chief Judge.
 
 
 14
 Defendants' motion to disqualify the law firm of Lockwood, Dewey, Zickert & Alex from representing either the plaintiff or Hendrickson Manufacturing Company, which is related to the defendant corporation, presents an extremely sensitive nevertheless vital question relating to the integrity of the legal profession and scrupulous administration of justice. In resolving this issue, I have been guided by the awareness of the delicate balance which must be maintained between the right of an individual to retain counsel of his free choice and the necessity that the court uphold the ethical standards of the Code of Professional Responsibility.
 
 
 15
 Plaintiff's complaint, filed in January, 1973, alleged among others violations of the patent laws, the Lanham Act, and the specific contractual agreements between the parties, as well as acts of unfair competition and acts in violation of the defendants' fiduciary duties to the plaintiff. The case relates to rail car moving vehicles.
 
 
 16
 The facts giving rise to the pending matter can be briefly summarized. The Lockwood law firm has represented the plaintiff for over twenty years in connection with various products unrelated to tandem axle suspensions and continues to so represent it in the present law suit. Hendrickson has been Lockwood's client for over forty years with respect to patent and trademark matters. Apparently Hendrickson's so-called tandem axle suspension has been the only product involved in such legal representation since 1970; and Lockwood is presently retained by Hendrickson in connection with the payment of taxes on foreign patents unrelated to railcar moving vehicles and to represent Hendrickson in trademark opposition proceedings related to the registration of a trademark on the Hendrickson logo.
 
 
 17
 Hendrickson and defendant White became related companies in the middle of 1976 as indicated by Hendrickson having purchased 20% Of White's outstanding stock and by the composition of White's Board of Directors which include the President and Vice-President of Hendrickson.
 
 
 18
 Defendant White is seeking to disqualify Lockwood from representing either Whiting or Hendrickson because, in its view, such dual representation presents an improper conflict of interest and because it fears its interests will be prejudiced by the continued dual representation.
 
 
 19
 Without deciding whether White, which neither is nor ever has been Lockwood's client, has standing to herein complain, I note that the court, once apprised of an alleged breach of professional responsibility has a duty to determine whether there is any substance to the accusations. See Empire Linotype School v. United States, 143 F.Supp. 627, 631 (S.D.N.Y.1956).
 
 
 20
 There is a test called the "substantial related" test that should guide an attorney, and if necessary the court, in ascertaining whether or not a conflict arises out of an attorney's accepting employment in a suit against a former client. See Emle Industries, Inc. v. Patentex, Inc., 478 F.2d 562, 565 (2nd Cir. 1968). But the propriety of accepting employment in an action against an existing client must be measured in light of "the duty of undivided loyalty which an attorney owes to each of his clients." Cinema 5, Ltd. v. Cinerama, Inc., 528 F.2d 1384, 1386 (2nd Cir. 1976).
 
 
 21
 This case is unique and does not fit neatly into either of these classical factual settings in that neither of Lockwood's clients, even after having been fully informed of the dual representation, seeks to have it disqualified. One of them, Hendrickson, is not a party to the present lawsuit. Moreover, both attorney-client relationships concern mutually exclusive subject matters.
 
 
 22
 Canon 5 of the Code of Professional Responsibility is particularly appropriate under these circumstances. This Canon directs a lawyer to exercise independent professional judgment on behalf of a client. Thereunder, EC 5-14 through EC 5-20 generally relate to multiple client representation. Especially pertinent here is EC 5-16 which provides, in part, that "before a lawyer may represent multiple clients, he should explain fully to each client the implications of the common representation and should accept or continue employment only if the clients consent." When an attorney is so retained, EC 5-19 requires that "he should explain any circumstances that might cause a client to question his undivided loyalty." See also Disciplinary Rule 5-105(C).
 
 
 23
 The Lockwood law firm maintaining the highest ethical standards, followed these principles and fully informed both Whiting and Hendrickson of its representation of the other. Neither has ever complained nor sought to have Lockwood remove itself from any such representation, including this pending litigation.
 
 
 24
 As readily conceded by White, Lockwood is innocent of any wrongdoing, and plaintiff would be unduly prejudiced if now, four years after the inception of this lawsuit, it were compelled to retain new counsel wholly unfamiliar with the pending proceedings.
 
 
 25
 However, because of the sensitivity of this matter and in order to take all appropriate prophylactic measures to avoid a development of the possibility of a conflict and in order to preclude the impression of any impropriety whatsoever, the Lockwood law firm is directed to disassociate and refrain from representing and/or advising Hendrickson in connection with any proceedings related to railcar moving vehicles or any remotely related products during this pending litigation.
 
 
 26
 Cause set for status report on May 23, 1977 at 10:00 A.M.
 
 
 
 *
 Senior Judge Wilson Cowen of the United States Court of Claims is sitting by designation