**TAXPAYERS, HOMEOWNERS AND TENANTS PROTECTIVE ASSOCIATION, INC., a Florida non–profit Corporation, Plaintiff–Appellant,**

v.

**Leonard HABER, as Mayor and individually et al., Defendants–Appellees.**

**No. 80–5155**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Jan. 12, 1981.

Joseph A. Wanick, Miami Beach, Fla., for plaintiff–appellant.

John A. Ritter, Thomas M. Pflaum, Asst. City Attys., Miami Beach, Fla., for defendants–appellees.

Before HILL, GARZA and THOMAS A. CLARK, Circuit Judges.

PER CURIAM:

This is an appeal from the disqualification of the attorney representing plaintiffs in a suit pending below. The action was filed by the Taxpayers, Homeowners and

Tenants Protective Association, Inc. against the mayor of Miami Beach, its city commission, and the Miami Beach Redevelopment Agency, alleging that these officials violated the Civil Rights Act, 42 U.S.C. §§ 1981 and 1985, by illegally transferring title to certain property.

Plaintiff's attorney, Joseph A. Wanick, had been city attorney for some twenty years, until February, 1979. The suit was filed in October of 1979. The defendants moved to disqualify Wanick, arguing that he had been "intimately involved" in the redevelopment project of which the challenged conveyance was an important part. They contended that his representation contravened Canon 9–101(B) of the Florida Bar's Code of Ethics:

> A lawyer shall not accept a private employment in a matter in which he had substantial responsibility while he was a public employee.

The district court held a full evidentiary hearing, and ordered Wanick's disqualification, finding that "Mr. Wanick was *instrumental* in advising the City Commission on all legal aspects of the redevelopment plan. . . . and that the matters involved in the pending suit are substantially related to those matters in which Mr. Wanick participated in as City Attorney."

On this appeal, Wanick and the plaintiffs contend that the district court erred (1) where, in their view, the evidence showed no involvement on Wanick's part in the disputed transaction; (2) in refusing to hold that the new city attorney was estopped to move for disqualification where he had allegedly committed a breach of ethics by representing individual defendants at taxpayers' expense; (3) in rejecting the argument that defendants had waived any objection to the representation by having previously filed a motion to dismiss on the ground of mootness; and (4) in refusing to find that Canon 9–101(B) is unconstitutionally vague. We reject each of these arguments, and affirm.

■ While appellants contend that the district court erred in finding as a matter of fact that Wanick was connected with the project in such a way as to make his disqualification necessary, we do not perceive the assertion to be relevant. The district court did not hold that counsel was directly involved in the transaction now challenged; rather, it found Wanick to have had "substantial responsibility" over the area so as to come within Canon 9–101(B). We cannot hold that conclusion to be clearly erroneous. *See* Fed.R.Civ.P. 52.

The disqualification on that ground was amply supported by authority. *See Armstrong v. McAlpin*, 606 F.2d 28 (2 Cir. 1979); *Arkansas v. Dean Foods*, 605 F.2d 380 (8 Cir. 1979); *In Re Special February 1977 Grand Jury*, 581 F.2d 1262, 1264 (7 Cir. 1978); *In Re Yarn Processing Patent Validity Litigation*, 530 F.2d 83 (5 Cir. 1976); *Whiting Corp. v. White Machinery Corp.*, 567 F.2d 713, 715 (7 Cir. 1977); *American Can Company v. Citrus Feed Company*, 436 F.2d 1125 (5 Cir. 1971); *United States v. Trafficante*, 328 F.2d 117 (5 Cir. 1964).

■ We find no constitutional defect in the Canon under consideration, and hold the appellant's other points to be meritless. Disqualification matters are within the sound discretion of the trial court, and we find no abuse of that discretion to have been committed here.

AFFIRMED.