### In the Matter of ALLIED ARTISTS PICTURES CORP., Debtor.

### Bankruptcy No. 79 B 588.

United States Bankruptcy Court, S. D. New York.

Jan. 27, 1982.

Angel & Frankel, New York City, for debtor.

Jules Teitelbaum, New York City, for Allied Artists Industries Creditors Committee.

Otterbourg, Steindler, Houston & Rosen, New York City, for Lorimar.

Phillips, Nizer, Benjamin, Krim & Ballon, New York City, for Allied Artists Pictures Creditors Committee.

Nixon, Hargrave, Devans & Doyle, New York City, for Filmtransac A. G.

Peter R. Cella, New York City, for Allied Artists Television Creditors Committee.

Ravin & Kesselhaut, West Orange, N. J., for Domfil Associates and JHE Property.

Pryor, Cashman, Sherman & Flynn, New York City, for Sommerville House Management, Ltd., et al.

## MEMORANDUM & ORDER

JOHN J. GALGAY, Bankruptcy Judge.

This Court has before it a Motion to Disqualify ("Motion") counsel for the general unsecured creditors of Allied Artists Pictures Corporation ("Pictures"), Allied Artists Industries, Inc. ("Industries"), and Allied Artists Television Corporation ("Television") brought by counsel for an outside producer who also alleges priority administration creditor status. Martin F. Brecker is counsel for the Official Creditors' Committee ("Creditors' Committee") and a member of the law firm of Phillips, Nizer, Benjamin, Krim & Ballon ("Phillips, Nizer").

Oral argument on the Motion to Disqualify was heard before this Court on December 15, 1981. This Court in denying the Motion in cognizant of its role and responsibility in maintaining the highest standards of professional conduct. Therefore, we have scrutinized the facts which are alleged to create a conflict of interest in the light of the American Bar Association Code of Ethics ("ABA Code").[1] In deciding that

1. The ABA Code "has been recognized by this Circuit as providing appropriate guidelines for

Martin F. Brecker should be allowed to continue as counsel at the will of the Creditors' Committee, this Court finds that Canons 5 and 9 of the ABA Code are not violated in the instant case. We reaffirm this Court's overriding concern both with maintaining and preserving the Debtor's estate for equitable distribution to the creditors[2] and with a client's personal right to counsel of choice. *See Armstrong v. McAlpin*, 625 F.2d 433 (2nd Cir. 1980); *Government of India v. Cook Industries, Inc.*, 569 F.2d 737 (2nd Cir. 1978); *Whiting Corp. v. White Machinery Corp.*, 567 F.2d 713 (7th Cir. 1977).

▌ A summary of the facts underlying the Motion to Disqualify and the denial of that Motion is necessary to an understanding of this Court's decision. Pictures, Industries, and Television filed a petition in Bankruptcy before this Court in April 1979 under Chapter XI of the Bankruptcy Act. Martin F. Brecker was retained by the Creditors' Committee to represent its interest in the ensuing reorganization process. A sale of assets belonging to Pictures, Industries, and Television resulted in a contractual agreement with Lorimar Productions, Inc., ("Lorimar") for the purchase of those assets. This Court issued an order approving the Lorimar Agreement on March 14, 1980, as amended on February 20, 1980. The Lorimar Agreement as amended was vigorously opposed by Martin F. Brecker as attorney for the Creditors' Committee. Lorimar has refused to tender the second and final payment under the agreement and Mr. Brecker is now seeking to rescind or renegotiate the Lorimar Agreement. The Motion to Disqualify focuses on the fact that for the past several years Louis Nizer, a distinguished partner in Phillips, Nizer and an internationally famous trial lawyer, has been representing two officers and shareholders of Lorimar and Rancho La Costa, Ltd. in a California libel action

against Penthouse International, Inc. Thus, in oral argument of December 15, 1981, the movants asserted that there was an "apparent rather than actual" conflict of interest that could impinge on the vigor of counsel's advocacy on behalf of the Creditors' Committee and against Lorimar. At no time has Lorimar been a client of Phillips, Nizer nor is the California litigation in any way related to the proceedings before this Court. Knowledge of Phillips, Nizer's representation in the *Rancho La Costa, Ltd., et al., v. Penthouse International, Inc., et al.* has been known to the Creditors' Committee and to this Court for the past several months and was brought to this Court's attention by Mr. Brecker.

Disqualification of an attorney is not lightly granted. Our Circuit Court, in *Armstrong v. McAlpin*, 625 F.2d 433 (2nd Cir. 1980), identified only two circumstances in which disqualification will be ordered:

> [W]ith rare exceptions...disqualification has been ordered only in essentially two kinds of cases: (1) where an attorney's conflict of interests in violation of Canons 5 and 9 of the Code of Professional Responsibility undermines the court's confidence in the vigor of the attorney's representation of his client,... or more commonly (2) where the attorney is at least potentially in a position to use privileged information concerning the other side through prior representation, for example, in violation of Canons 4 and 9, thus giving his present client an unfair advantage....

*Id.* at 444, *quoting Board of Education v. Nyquist*, 590 F.2d 1241, 1246 (2nd Cir. 1979); *see also Cheng v. GAF Corp.*, 631 F.2d 1052 (2nd Cir. 1980). Only the first situation, conflict of interest in violation of Canons 5 and 9, is at issue here.

Canon 5 of the ABA Code provides: "A lawyer should exercise independent professional judgment on behalf of a client."

proper professional behavior." *Cheng v. GAF Corp.*, 631 F.2d 1052, 1055 (2nd Cir. 1980) (citations omitted).

2. "There is...an overriding concern in the Act with keeping fees and administrative expenses

at a minimum so as to preserve as much of the estate as possible for the creditors. *Otte v. United States*, 419 U.S. 43, 53, 95 S.Ct. 247, 254, 42 L.Ed.2d 212 (1974) (citation omitted).

Ethical considerations 5–1 and 5–14 mandate that a lawyer exercise individual loyalty and independent judgment on behalf of his clients which precludes the acceptance and continuation of employment which will adversely affect his loyalty. Therefore, it is "questionable conduct for an attorney to participate in any lawsuit against his own client." *Cinema 5, Ltd. v. Cinerama, Inc., et al.*, 528 F.2d 1384, 1386 (2nd Cir. 1976); *see also Grievance Committee v. Rottner*, 152 Conn. 59, 203 A.2d 82 (1964). In the instant case, the conflict of a law firm poised as adversary and advocate vis-a-vis its clients is not present. Lorimar is not and has never been a client of Phillips, Nizer. No services have been rendered no fees billed or paid. *See U.S. Industries v. Goldman*, 421 F.Supp. 7, 11 (S.D.N.Y.1976). Rather, while counsel for the Creditors' Committee has been on record as a vigorous adversary against Lorimar on behalf of the general unsecured creditors, his firm represents two of Lorimar's officers in an action which is in no way connected to their corporate function.

Our district court and other circuits have ruled on ethical considerations engendered by an attorney's representation of a corporation in litigation against a corporate officer with whom the attorney had formerly dealt on corporate matters. Canon 5 of the Code has been held not to apply since the officer was never a client.[3] *U.S. Industries v. Goldman*, 421 F.Supp. 7, 11 (S.D.N.Y. 1976); *Lane v. Chowning*, 610 F.2d 1385 (8th Cir. 1980). The relationship between Lorimar and Phillips, Nizer is even more tenuous, indirect, and ephemeral than that existing between a corporate attorney and officer. There is no fiduciary relationship existing between Phillips, Nizer and Lorimar. *See Id.; Whiting Corp. v. White Machinery Corp.*, 567 F.2d 713 (7th Cir. 1977). Therefore, this Court finds that Canon 5 of

the Code is not violated since: a conflict of interest does not appear from the facts; there is no dual representation; and the matters embraced on behalf of differing clients have no substantial relationship.[4] Moreover, following the dictates of Canon 5[5], Counsel for the Creditors' Committee, upon realizing the possible implications to be drawn from his firm's participation in *Rancho La Costa, Ltd., et al v. Penthouse International, Inc.*, revealed the same to his client and this Court. His offer to withdraw and proposal that special counsel be hired for any litigation against Lorimar was rejected by the Creditors' Committee.

In oral argument of December 15, 1981, the movant suggested that disqualification should be granted based on the eventuality of Counsel for the Creditors' Committee being called as a witness in any future litigation against Lorimar. This Court cannot rest a Motion to Disqualify on a mere possibility.

This Court is aware that the ABA Code of Canon 9 provisions that "a lawyer should avoid even the appearance of impropriety." We recognize also that Lorimar's appearance on the scene as a purchaser of the Debtor's assets was not foreseeable by Martin F. Brecker when he undertook to represent the Creditors' Committee. We concur with this Circuit's appraisal in *Board of Education v. Nyquist*, 590 F.2d 1241, 1247 (2nd Cir. 1979), that the,

"appearance of impropriety is simply too slender a reed on which to rest a disqualification order ... particularly ... where ... the appearance of impropriety is not very clear."

Motions to Disqualify have been characterized as "tools of the litigation process." *International Electronics Corporation v. Flanzer*, 527 F.2d 1288, 1289 (2nd Cir. 1975). A "high standard of proof" is exacted from

---

**3.** "Lawyer ... retained by a corporation owes his allegiance to the entity and not to a ... director [or officer] ...." ABA Code, Ethical Consideration 5–18.

**4.** The substantial relationship test measures the similiarity in matters requiring legal advocacy which might present a conflict of interest to a

present or former client. *See Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corp.*, 518 F.2d 751 (2nd Cir. 1978).

**5.** "A Lawyer ... should explain any circumstances that might cause a client to question his undivided loyalty." ABA Code, Ethical Consideration 5–19.

292

one who seeks to disqualify. *Government of India v. Cook Industries, Inc.*, 569 F.2d 737 (2nd Cir. 1978). The movant has not shouldered this burden. This Court notes the vigor and integrity with which Martin F. Brecker has represented the Creditors' Committee as objective proof of his individual loyalty to his client.

No true conflict of interest is revealed by the instant facts. The possible appearance of impropriety is outweighed by a client's right to counsel of choice, this Court's necessary concern with preservation of the Debtor's estate and judicial resources,[6] and this Court's observation of Creditors' Committee Counsel's vigorous advocacy on behalf of his client.

The Motion to Disqualify is hereby denied.

It is so ordered.

---

6. "Disqualification is wasteful and time consuming." *Board of Education v. Nyquist*, 590 F.2d 1241, 1248 (2nd Cir. 1979).