In re INTERNATIONAL HOUSE OF PANCAKES FRANCHISE LITIGATION.

Glen P. ELLIS, Appellant,

v.

INTERNATIONAL INDUSTRIES, INC., Appellee.

No. 75–1768.

United States Court of Appeals, Eighth Circuit.

Submitted May 11, 1976.

Decided June 7, 1976.

Robert M. Brown, San Francisco, Cal., and Sheridan Morgan, Kansas City, Mo., for appellant.

Harry L. Gershon, Los Angeles, Cal., and Thomas J. Wheatley, Kansas City, Mo., for appellee.

Before VOGEL, Senior Circuit Judge, and HEANEY and HENLEY, Circuit Judges.

PER CURIAM.

Glen P. Ellis appeals from a denial by the District Court of a motion to be excluded from a class action by franchisees of International House of Pancakes restaurants, which were franchised by appellee. The class action was an anti-trust litigation, the settlement of which was affirmed by this court in *Grunin v. International House of Pancakes,* 513 F.2d 114 (8th Cir.), *cert. denied,* 423 U.S. 864, 96 S.Ct. 124, 46 L.Ed.2d 93 (1975). Appellant asserts that the denial of his motion to be excluded from the class was an abuse of discretion and denial of constitutional due process, despite his failure to request exclusion within the appropriate time period, alleging that the delay was occasioned solely by a reliance upon counsel who was investigating the class action to evaluate appellant's interest therein. Appellant also asserts a denial of equal protection, alleging that other individuals were permitted late withdrawal from the class. We reject these arguments and affirm.

The District Court made the following findings of fact: On about the 1st of November 1971 appellant received a notice from the Clerk of the District Court to all potential class members, advising him of the class action certification and advising further that unless he opted out by signing and returning an enclosed form before December 31, 1971, he would remain a member of the class and would be bound by the results of its litigation. Appellant did nothing about the letter until December 20th, at which time he took it to the office of his personal attorney, Mr. Thomas Van Voorhis. On December 21st, Mr. Van Voorhis wrote a letter to the Clerk of the District Court in Kansas City, Missouri, requesting the names of the plaintiff class attorneys. A reply to this letter was received by Mr. Van Voorhis on January 3, 1972. On about January 19th, Mr. Van Voorhis contacted Mr. Brown, one of the plaintiff class attorneys who lived in San Francisco, close to appellant and his attorney. After consultation with Mr. Van Voorhis, appellant made a determination sometime between January 19 and January 31, 1972, that he would file his own individual suit and move to be excluded from the class action. A separate complaint and motion to intervene in the

class action was then filed by Mr. Brown on behalf of appellant on May 4, 1972. However, appellant did not move for exclusion from the class until April 11, 1973.

 Appellant argues that Rule 23(c)(1), Fed.R.Civ.P., which allows the District Court to alter or amend a class action before the decision on the merits, requires the District Court to grant appellant's motion for exclusion from the class. Rule 23, however, is clearly discretionary, and we do not hesitate to conclude that appellant has shown no abuse of the District Court's discretion. The District Court took appellant's version of the facts as true. These facts show, at most, that appellant formed an intention within 31 days after the closing of the opt out period to proceed individually and be excluded from the class action. Appellant did nothing in the time from early November, when he received a notice of his right to opt out, until December 20th. As noted by the District Court, appellant thus waited until ten days before a decision was required before even consulting his attorney, and then both, with notice in hand that the decision had to be in the mail on or before December 31st, ignored that deadline. Appellant did not move for exclusion from the class until April 11, 1973, well over a year later.[1] Under these circumstances, we certainly cannot find that the District Court abused its discretion. See *Manhattan-Ward, Inc. v. Grinnell Corp.,* 490 F.2d 1183 (2d Cir. 1974).

 Appellant further alleged a denial of equal protection, asserting discriminatory treatment because other class members were permitted withdrawal subsequent to December 31, 1971. The record shows, however, that the class members who were permitted such withdrawal were in a circumstance distinct from that of appellant.

The District Court ruled, pursuant to an agreement of all counsel, that it would accept the tardy requests for exclusion of persons who had intended to mail their decision before December 31, 1971, but were prevented for some reason beyond their control from mailing it by that date. Since appellant does not allege any attempt to withdraw or even an intent to withdraw before December 31, 1971, appellant did not meet the court's standard for tardy withdrawal.

The decision of the lower court is affirmed.

---

1. The reason for the delays has not been specified by the appellant. We note, however, that appellant first asserted his motion to be excluded from the class subsequent to a proposed settlement of the action; that he had started his individual action in May 1972, yet did not move for exclusion from the class action until April 1973. It is difficult to escape the conclusion that appellant in fact hoped to gain the best of both worlds by remaining in the class if the outcome were favorable and withdrawing if it were adverse. In other words, appellant was attempting to achieve the very evil that Amended Rule 23 sought to eliminate—i. e., that by which a class member could remain outside the class but, after a favorable judgment, elect to join.