**William M. MALONEY, Plaintiff,**

**v.**

**Harold WASHINGTON, individually and as Mayor of the City of Chicago, et al., Defendants.**

**No. 84 C 0689.**

United States District Court,
N.D. Illinois E.D.

May 16, 1984.

Law Offices of Edward R. Theobald, III, Chicago, Ill., for plaintiff.

Donald Hubert, James D. Montgomery, Corp. Counsel, Chicago, Ill., for defendants.

## MEMORANDUM ORDER

BUA, District Judge.

In the instant case, plaintiff alleges discrimination based on his race and political activities. Before the Court is the Motion of the various defendants to Strike and Dismiss the complaint. For the reasons stated herein, defendants' motion is granted in part and denied in part.

Plaintiff's complaint is in five counts alleging constitutional violations under 42 U.S.C. §§ 1981, 1983, 1985, and 2000d. Jurisdiction in this Court is based in 28 U.S.C. § 1343(3).

Prior to December 2, 1983, plaintiff held the positions of Resource Identification and Acquisition Coordinator, Organized Crime Division and Commander of the Drug Enforcement Administration Task Force Component in the Chicago Police Department. On the aforementioned date, plaintiff was demoted from his Coordinator position to the position of Sergeant. In addition, on December 29, 1983, plaintiff was demoted from his Drug Enforcement Administration Commander's position to the position of

Sergeant in the Department's Twelfth District. Plaintiff alleges that these demotions resulted in a substantial reduction in plaintiff's salary and pension benefits and that in addition, the plaintiff suffered great humiliation and emotional distress.

## COUNT I

Count I of the complaint is brought under 42 U.S.C. § 1981. It alleges as to both aspects of the demotion that defendants Washington and Rice "knowingly and intentionally and discriminatorily demoted the Plaintiff ... because the Plaintiff is white." Defendants Washington and Rice are black. No other facts relating to the motivation behind the demotion are alleged.

The allegations contained in Count I are conclusory and therefore cannot support a well-pleaded claim for relief. The Seventh Circuit, in unequivocal language, has stated:

To sufficiently state a cause of action the plaintiff must allege some facts that demonstrate that his race was the *reason* for the defendant's [action]. His failure to allege such facts rendered his discrimination claim under § 1981 or § 1985 incomplete. (emphasis supplied)

*Jafree v. Barber,* 689 F.2d 640, 643 (7th Cir.1982).

■ Because it fails to provide any facts whatsoever in support of the conclusory allegation of race discrimination, Count I must be dismissed for failure to state a claim.

## COUNT II

In Count II, plaintiff asserts a claim based in 42 U.S.C. § 1983. The basis of that claim is that plaintiff, a registered Democrat, supported defendant Washington's opponent, Jane M. Byrne, in the Democratic Mayoral Primary Election and that, as a result, he was demoted from his positions.

In connection with this Count, defendant argues that the City of Chicago should be dismissed because the plaintiff has failed to allege that his demotion was the result of the implementation of a custom or policy. Under *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), a municipality may be held liable as a "person" under § 1983, but only for unconstitutional action which either "implements or executes a policy statement... " or "constitutes a governmental 'custom' ... " *Id.* at 690–91, 98 S.Ct. at 2035–36. Under *Monell,* municipal liability may not be based on a theory of respondeat superior. *Id.*

■ As to the City of Chicago, no allegation of custom or policy is made in Count II. Indeed, the only assertion even remotely related to custom or policy is that by demoting plaintiff, defendants Washington and Rice implemented "the patronage custom of the Democratic party." Clearly, this allegation does not refer to a custom or policy of the City, thus necessitating dismissal of Count II as to the City of Chicago.

Similarly, it is argued that defendant Washington should be dismissed from Count II because the only allegations of Washington's personal involvement rest on conclusory allegations that Washington was responsible for plaintiff's demotion because as Mayor of the City of Chicago, he was Rice's supervisor and was therefore vicariously liable. However, the Court does not read the complaint in this manner.

■ The allegations of the complaint do not contend that Rice alone acted and that, as Rice's superior, Washington should be held liable. Instead, the complaint clearly reads that Washington and Rice were each personally responsible for the demotions and that these two defendants were the individuals who committed the unconstitutional acts. Thus, dismissal of Washington from Count II is not warranted.

## COUNTS III AND IV

Counts III and IV are based in 42 U.S.C. § 1985(3). In Count III, plaintiff alleges that Washington, Rice, and other black Washington supporters conspired to demote and otherwise harass white employ-

ees of the Chicago Police Department including the plaintiff. In Count IV, it is alleged that a similar conspiracy existed involving Washington, Rice, and other political supporters of Washington against supporters of Jane M. Byrne. As to neither Count are specific facts alleged in support of plaintiff's conspiracy theory.

 In this Circuit, it is quite clear that allegations of conspiracy must be supported by specific facts. *Briscoe v. La-Hue,* 663 F.2d 713, 723 (7th Cir.1981); *Tarkowski v. Robert Bartlett Realty Co.,* 644 F.2d 1204 (7th Cir.1980); (*quoting Sparks v. Duval County Ranch Co.,* 604 F.2d 976, 978 (5th Cir.1979) ("[M]ere conclusory allegations of conspiracy cannot, absent reference to material facts, survive a motion to dismiss.")). However, in the case at bar, specificity is plainly lacking. Plaintiff has indicated no facts whatsoever to support his conspiracy theory, thus requiring that these Counts be dismissed.

### COUNT V

Count V is based upon 42 U.S.C. § 2000d. Under § 2000d:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

In *Simpson v. Reynolds Metal Co., Inc.,* 629 F.2d 1226 (7th Cir.1980), the Court set out the standard for whether an individual can sue under § 2000d. According to the Court:

> The legislative history of Title VI ... lends support to the conclusion that Congress did not intend to extend protection under Title VI to any person other than an intended beneficiary of federal financial assistance.

629 F.2d at 1235.

 Thus an individual may not sue unless he is within the group of people who

are the intended beneficiaries of the federal aid. In the case at bar, plaintiff alleges that the Chicago Police Department is a federally funded program. However, he does not allege that he is among the intended beneficiaries of such funding. Having failed to make such an allegation, plaintiff cannot bring a claim under § 2000d.

### CONCLUSION

For the foregoing reasons, defendants' Motion to Dismiss is granted in part and denied in part. Counts I, III, IV and V are dismissed in their entirety. Count II is dismissed as to the City of Chicago only.[1]

IT IS SO ORDERED.

---

1. Defendant has also moved to strike the allegations of punitive damages against the City. Because of the resolution of the Motion to Dismiss, the Motion to Strike is deemed to be moot.