Albert A. ROBIN, Sheli Z. Rosenberg, Donald S. Chisholm and Joseph E. Savarino, Plaintiffs,

v.

DOCTORS OFFICENTERS CORPORATION, The Flashner Medical Partnership, Bruce A. Flashner, Ronald Van Der Horst, Lawrence B. Levy, Sherry L. Dolce, David M. Turner and David R. Shevitz, Defendants.

v.

STEINER DIAMOND & CO., INC., Third Party Defendant.

Albert A. ROBIN, Sheli Z. Rosenberg, Donald S. Chisholm and Equity Holdings, Plaintiffs,

v.

KATTEN, MUCHIN, ZAVIS, PEARL & GALLER, The Flashner Medical Partnership, Bruce A. Flashner, Ronald L. Van Der Horst, Lawrence B. Levy, Sherry L. Dolce, David M. Turner and David R. Shevitz, Defendants,

v.

STEINER DIAMOND & CO., INC., Third Party Defendant.

Nos. 84 C 10798, 85 C 8913.

United States District Court, N.D. Illinois, E.D.

Dec. 14, 1988.

James S. Gordon, Edward Slovick, Russell Woody, Cotton, Watt, Jones & King, Chicago, Ill., for plaintiffs.

Cheryl Weissman, Joan S. Slezak, Office of General Counsel, Chicago, Ill., for defendants Doctors Officenters Corp., Flashner Medical Partnership, Bruce A. Flashner, Ronald L. Van Der Horst, Lawrence B. Levy, Sherry L. Dolce and David M. Turner.

Jerold S. Solovy, Marguerite M. Tompkins, Joel J. Africk, Jenner & Block, Chicago, Ill., for defendant Katten Muchin & Zavis.

Michael W. Coffield, Kevin Flynn, Michael Philippi, Coffield, Ungaretti, Harris & Slavin, Chicago, Ill., for defendant David Shevitz.

John J. Enright, Arvey, Hodes, Costello & Burman, Chicago, Ill., for third party defendant Steiner Diamond & Co.

## MEMORANDUM OPINION AND ORDER

CONLON, District Judge.

Plaintiffs purchased common stock of defendant Doctors Officenters Corporation

("DOC") in a public offering in December 1983. They claim to have relied on a prospectus that contained omissions and misrepresentations of material fact. In 84 C 10798, plaintiffs sued DOC, FMP (a medical partnership that owned DOC stock) and six directors and officers of DOC. In 85 C 8913, plaintiffs sued the law firm of Katten, Muchin & Zavis ("Katten, Muchin") (DOC's counsel in the public offering) together with six officers and directors of DOC.

On January 28, 1987, an order was entered certifying the plaintiffs' class as follows:

all persons, except defendants, who purchased common stock of Doctors Officenters Corporation ("DOC") in reliance on a DOC prospectus dated December 7, 1983.

Memorandum Opinion dated January 28, 1987 at 1 [1987 WL 4731].

Defendants jointly moved to decertify the class. This court denied defendants' motion on May 4, 1988. In so ruling, the court ordered the plaintiff class to select an additional representative with his or her own legal counsel within 30 days of the order. *Robin v. Doctors Officenters Corp.*, 686 F.Supp. 199, 204 (N.D.Ill.1988). Unlike the named plaintiffs and their counsel, neither the new representative nor his or her counsel were to be a business or social acquaintance of Steiner Diamond or its principals. *Id.* Also on May 4, 1988, this court granted defendants' joint motion for leave to serve third party complaints on Steiner Diamond, the managing underwriter for the public offering at issue. Plaintiffs did not name Steiner Diamond as a defendant in either of these cases and opposed defendants' assertion of a third party claim against Steiner Diamond.

On August 10, 1988, plaintiffs' counsel sent notice to all class members advising them that the court required the addition of a class representative with independent counsel. The notice directed any person interested in serving as a class representative to file a response on or before August 25, 1988 with the Clerk of the District Court. No class member filed a response or expressed an interest in serving as a class representative.

## DISCUSSION

Defendants jointly renew their motion for decertification of the class. The court has a continuing duty at all stages of the litigation to stringently examine the adequacy of class representatives and their counsel. *In Re General Motors Corp. Engine Interchange Lit.*, 594 F.2d 1106, 1124 (7th Cir.), *cert. denied, Oswald v. General Motors Corp.*, 444 U.S. 870, 100 S.Ct. 146, 62 L.Ed.2d 95 (1979). The duty arises from the requirement that the court determine that the representative parties will fairly and adequately protect the interests of the class. *Id.;* Fed.R.Civ.P. 23(a)(4). As trustee for absent parties, the court must evaluate the class representatives' conduct over the course of the entire litigation. *Gonzales v. Cassidy*, 474 F.2d 67, 72 (5th Cir. 1972). Although the measure of adequate representation depends upon the circumstances of each case, stringent requirements are imposed upon prospective class representatives. *Johnson v. Shreveport Garment Co.*, 422 F.Supp. 526, 533 (W.D. La.1976), *aff'd*, 577 F.2d 1132 (5th Cir. 1978). If the court has substantial doubt about the adequacy of representation, it should act pursuant to its protective responsibility and deny or revoke certification. *Id.*

Defendants contend that this case should be decertified because (1) plaintiffs are inadequate representatives; (2) the court's alternative to decertification has failed, and no additional representatives may be obtained; and (3) decertification will not prejudice the named plaintiffs or hinder absent class members, but will protect defendants from the risk of multiple lawsuits arising out of an improperly certified class.

Plaintiffs deny that they are inadequate representatives. They defend their decision not to sue Steiner Diamond on the ground that they would be unable to prove that Steiner Diamond possessed the requisite scienter to support a Section 10b–5

claim.[1] Plaintiffs maintain that they have vigorously prosecuted this action to date and argue that no new evidence suggests that they will abandon an aggressive approach to this litigation merely to protect third party defendant Steiner Diamond. Plaintiffs contend that the court should not consider decertification until there is evidence in the record that the named plaintiffs and their counsel have abandoned their fiduciary duty to the class.

## The Adequacy of Representation

Questions concerning the adequacy of class representation have arisen throughout this litigation. Reconsidering the class certification order, this court noted:

> [I]f Steiner Diamond or its principals are named as defendants or third party defendants ... the question of adequate representation may need to be re-examined.

Memorandum Opinion dated February 24, 1987 at 6.

The order of May 4, 1988 granted defendants' joint motion for leave to file third party complaints against Steiner Diamond. Plaintiffs opposed the motion on the grounds that the third party complaints failed to state a cause of action and were barred by the statute of limitations. Plaintiffs maintain that Steiner Diamond lacked the necessary scienter to support a claim for securities fraud and that Steiner Diamond was entitled to rely upon the veracity of defendants' representations and the advice of defendants' counsel. This position stands in marked contrast with plaintiffs'

aggressive theory of liability against Arthur Young, the independent accounting firm that had significantly less contact and responsibility with respect to the challenged prospectus and offering than did Steiner Diamond as the underwriter.[2] Notwithstanding plaintiffs' purported concern over potential delays in these proceedings, their vigorous opposition to the assertion of a claim against Steiner Diamond continues to raise serious doubt about plaintiffs' neutrality and objectivity as class representatives.

In the May 4, 1988 order, this court attempted to remedy the problems inherent in plaintiffs' representation without decertifying the class. The court denied defendants' motion for decertification but directed plaintiffs to solicit an additional representative, together with his or her own counsel.[3] No class members responded to the notice. Therefore, this condition to certification was never satisfied.

■ Absent the addition of an independent representative, class representation is inadequate to ensure that the interests of all class members are protected. The deficiencies in class representation are not cured by a Rule 23(c) notice.[4] Although the notice sent to class members in August 1988 apprised them of a potential claim against Steiner Diamond and invited them to participate as a representative, the notice does not suffice for the independent judgment, assistance and protection that an additional representative and his or her

---

1. Plaintiffs maintain that Katten, Muchin's opinion letter and the certificate of defendants Flashner and Turner as to the veracity of the prospectus provides Steiner Diamond with "a virtually conclusive defense on the issue of scienter." Plaintiffs' Memo. in Opposition at 5.

2. Plaintiffs filed an action against Arthur Young (87 C 6222) that this court twice dismissed for failure to state a claim. Memorandum Opinion and Orders dated May 4, 1988 and December 9, 1988. The complaint alleged that Arthur Young knew of the omissions and misrepresentations in the prospectus and assisted the primary violators by consenting to the use of its financial report in the prospectus, in violation of its alleged duty to disclose this information to plaintiffs.

3. Plaintiffs opposed the addition of a new plaintiff with independent counsel and argued that unless defendants offered persuasive evidence that plaintiffs had diminished their efforts and abandoned their loyalty to the class, additional class representation was premature. Plaintiffs' Motion to Amend Order of May 4, 1988 at 6–7.

4. Plaintiffs argue that this court's requirement of an additional representative either was satisfied by the August 1988 notice sent to class members or could be remedied by means of an opt-out notice. Plaintiffs' Memo. filed September 26, 1988 at 3–4. Plaintiffs cite no authority to support their novel theory that disclosure of an interest antagonistic to the class removes any impediment to their prosecution of this litigation on behalf of that class.

counsel afford an uninformed class member.

Class members' failure to respond to the notice does not establish their complete assent to plaintiffs' management of the litigation. Lack of response by any class member may be perceived as a reflection of a dearth of interest in pursuing this litigation. *See Key v. Gillette Co.*, 104 F.R.D. 139, 141 (D.Mass.1985), *aff'd*, 782 F.2d 5 (1st Cir.1986).

■ Plaintiffs' inability to secure an additional independent representative to remedy the deficiencies in class representation renders representation inadequate and dictates that the class be decertified.

Prejudice to the Parties and Absent Class Members

Class decertification would not seriously prejudice any of the parties to this litigation or absent class members. Rule 23 was intended to provide claimants with a method of redressing claims that are too small to warrant individual lawsuits. *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 560 (2d Cir.1968). The class action device is unnecessary where the claims are significant in amount and each proposed class representative is able to assert an individual claim. *Stoudt v. E.F. Hutton & Co., Inc.*, 121 F.R.D. 36, 38 (S.D.N.Y.1988). Rule 23 was not promulgated to benefit plaintiffs:

> The Rule was not designed to permit large claimants who are fully capable of proceeding on their own to strengthen their bargaining position by threatening their adversaries with the prospect of class-wide relief and large attorney fee awards.

*Id.; Steinmetz v. Bache & Co., Inc.*, 71 F.R.D. 202, 206 (S.D.N.Y.1976).

The four named plaintiffs claim to have lost over $360,000 in connection with their purchases of DOC stock. They clearly are capable of litigating their claims on their own behalf. Plaintiffs maintain that they have incurred more than $26,000 in expenses and that their counsel has expended over 1900 hours in the prosecution of these actions.

■ Decertification will not prejudice the unnamed class members who are the purported beneficiaries of this litigation. First, the fact that no class member responded to the class notice soliciting an additional representative raises doubt about the unnamed class members' interest in pursuing this litigation. Second, any class member interested in pursuing his or her claim individually may do so. The statute of limitations is tolled during the pendency of a class action and begins to run upon denial of class certification or decertification of the class. *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983); *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 554, 94 S.Ct. 756, 766, 38 L.Ed.2d 713 (1974) (commencement of a class action suspends the applicable statute of limitations as to all members of the class who would have been parties had the suit been permitted to continue as a class action). Accordingly, this litigation has not deprived absent class members of the opportunity to file suit or lessened the length of time in which to do so.

Defendants contend that they may be prejudiced by the maintenance of an improperly certified class. Where there is doubt concerning the adequacy of class representation, there is doubt about the binding effect of a judgment purporting to bind absent parties. *Johnson v. Shreveport Garment Co.*, 422 F.Supp. at 533. The likelihood of subsequent lawsuits undercuts the objective of class actions—to prevent a multiplicity of suits. *Id.* Additionally, it prejudices both absent class members and the opposing party who is deprived of the protection of the judgment. *Id.* Maintenance of a class action in light of continuing concerns about the adequacy of representation may ultimately prejudice the defendants.

CONCLUSION

Defendants' motion for decertification of the class is granted. This court's certification order of January 28, 1987 is vacated.