Jennifer RADELL and Nicholas J. Radell, each individually and on behalf of themselves and all others similarly situated and/or for the benefit of the Towers Perrin Deferred Profit Sharing Plan and Tillinghast Pension Plan, Plaintiffs,

v.

TOWERS PERRIN, The Towers Perrin Deferred Profit Sharing Plan, Tillinghast Pension Plan, and the Plans' Administrators, John Does 1 through Jane Does 11 official capacities, Defendants.

No. 94 C 6666.

United States District Court, N.D. Illinois, Eastern Division.

March 27, 1997.

**318**

Robert A. Holstein, Aron David Robinson, Law Offices of Robert A. Holstein, Chicago, IL, for Nicholas J. Randell.

Mark Clarke Fedota, Stephen Clair Prout, Fedota, Childers & Rocca, P.C., Chicago, IL, Andrew R. Rogoff, Brian T. Ortelere, Pepper, Hamilton & Scheetz, Philadelphia, PA, for Towers Perrin, Deferred Profit Sharing Plan, Tillinghast Pension Plan.

### MEMORANDUM OPINION AND ORDER

COAR, District Judge.

Plaintiffs have moved to have the following class certified, pursuant to Rule 23 of the Federal Rule of Civil Procedure: All persons who invested some or all or their principal and ongoing contributions and deductions from various investment opportunities provided by Towers Perrin to the "fixed income" asset class as of July 31, 1994.[1]

#### Legal Standard for Motions for Class Certification

Motions for class certification are governed by Fed.R.Civ.P. 23, which provides that the following prerequisites must be satisfied in order for one or more members of a class to sue as representatives of the others in the class: (1) the class is so numerous that joinder of all members is impracticable ["numerosity"]; (2) there are questions of law or fact common to the class ["commonality"]; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class ["typicality"]; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a). In addition to these prerequisites, an action must satisfy one of the three sections of Rule 23(b). *Id.;* Charles Wright, Arthur Miller, and Mary Kay Kane. Federal Practice and Procedure: Civil 2d § 1759 (1986). Thus, the action sought to be brought as a class action must be such that (a) the prosecution of separate actions by or against individual members of the class would create a risk of incompatible or varying adjudications with respect to the individ-

---

1. Plaintiffs' Second Amended Complaint ¶¶ 12, 14.

ual member or adjudications which would necessarily implicate the rights of other members not party to the action; (b) the opposing party has acted or refused to act on grounds generally applicable to the class as a whole; or (c) the court finds that the questions of law or fact common to the members of the class as a whole predominate over any questions affecting only individual members and that a class action is the most efficacious method of adjudication. *See* Fed.R.Civ.P. 23(b).

For purposes of determining a motion for class certification, the court will deem true all of allegations contained in the complaint and the motion for certification. *Johns v. DeLeonardis,* 145 F.R.D. 480, 482 (N.D.Ill.1992). Moreover, the court will not consider the merits of the case; rather, the court focusses on whether the certification requirements are satisfied. *In re VMS Securities Litigation,* 136 F.R.D. 466, 473 (N.D.Ill.1991). If the party seeking class certification meets each of the certification requirements, the court must certify the proposed class. *Vickers v. Trainor,* 546 F.2d 739, 747 (7th Cir.1976); *Fujishima v. Board of Educ.,* 460 F.2d 1355, 1360 (7th Cir.1972). However, this court has broad discretion concerning whether a proposed class satisfies certification requirements. *See Patterson v. General Motors Corp.,* 631 F.2d 476, 480 (7th Cir.1980), *cert. denied,* 451 U.S. 914, 101 S.Ct. 1988, 68 L.Ed.2d 304 (1981).

### Background

Defendant Towers Perrin is a consulting company whose head office is in New York. (Second Amended Complaint ("Comp.") ¶ 3). Plaintiffs Jennifer and Nicholas Radell are and were at all relevant times members of the Towers Perrin Deferred Profit Sharing Plan, which is governed generally by provisions of the Employee Retirement and Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* (Comp. ¶¶ 1–2). The Tillinghast Pension Plan is a pension plan operated by Towers Perrin as part of the ERISA plans at Towers Perrin, which are administered by the Benefits Committee. There are approximately two thousand eight hundred and sixty-seven (2,867) participants in the

Towers Perrin Deferred Profit Sharing Plan and approximately one hundred and ninety-three (193) participants in the Tillinghast Pension Plan who, like plaintiffs, had certain portions of their account balances segregated and frozen as a result of the defendants actions. (Plaintiffs' Amended Motion for Class Certification ("Motion") ¶ 2).

Plaintiffs entered into the agreements to purchase Confederation Life Guaranteed Investment Contracts (GIC) as part of the plans' assets. (Motion ¶ 3). The plans invested approximately 10% of the fixed income portion of various plan funds in these contracts. (Comp. ¶ 20). As a result of the Confederation Life receivership/insolvency, the plans' trustees have segregated and frozen 10% of the fixed income account assets for each plan participant who has an investment in that plan. (Comp. ¶ 26).

Plaintiffs allege that it was a breach of fiduciary duty for the plans' trustees/fiduciaries to invest 10% of the fixed income account and GICs for a period of five years without having the ability to liquidate that investment. (Comp. ¶¶ 10–30). Plaintiffs brought this action against the plans as nominal parties and the plans' fiduciaries/trustees.

### *Discussion*

### Federal Rule of Civil Procedure 23(a)

As established above, parties seeking class certification must prove that the proposed class satisfies the requirements of (1) numerosity, (2) commonality, (3) typicality, and (4) fair and adequate representation. The defendants apparently concede by their failure to object to the first three requirements that these are satisfied. Furthermore, based upon its review of the record, the Court finds that the proposed class meets each of these three requirements. There is a question, however, as to whether plaintiffs have satisfied their burden to show that they can fairly and adequately represent the interests of the proposed class. Defendants argue that plaintiffs have not met this burden and thus should be denied class certification. The Court agrees.

*Fair and Adequate Representation*

■ Rule 23(a)(4) requires that the named plaintiffs provide fair and adequate protection for the interests of the class. Two factors are particularly important in that determination: (1) plaintiff's attorney's qualifications, experience, and ability to conduct the litigation and (2) whether the plaintiff has interests antagonistic to those of the class. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir.1992), *cert. denied*, 506 U.S. 1051, 113 S.Ct. 972, 122 L.Ed.2d 127 (1993). Upon review the record, the Court finds no basis upon which to question the qualifications of plaintiffs' counsel. Rather, at issue is whether the named plaintiffs have interests that conflict with those of the class.

■ Defendants argue that because Nicholas Radell was a board member of Towers Perrin during the relevant time period and the success of the class action depends upon whether the plaintiffs can prove that the board breached its duty, Nicholas and Jennifer Radell have a conflict of interest with respect to the proposed class. This Court previously denied a motion for certification by plaintiff Nicholas Radell for this reason. Nicholas subsequently filed a second amended complaint naming himself, and Jennifer Radell, his wife, as the class representatives. Nicholas has not, however, cured the conflict of interest by joining his wife. Indeed, he has further complicated it.

■ As with every element of certifiability, plaintiffs bear the burden of establishing that their interests are not antagonistic to those of the class. Plaintiffs maintain that the conflict of interest to which defendants refer is "speculative at best." In support of their argument plaintiffs cite *Rosario*, and *G.A. Enterprises, Inc. v. Leisure Living Communities, Inc.*, 517 F.2d 24, 27 (1st.Cir.1975). In *Rosario*, plaintiffs brought suit against certain beauty schools for Racketeer Influenced and Corrupt Organizations ("RICO") and Illinois Consumer Fraud Act violations. *Id.* 963 F.2d at 1015. The defendants argued that because some representative plaintiffs had received professional licenses from the beauty school, those plaintiffs' interests were antagonistic to the rest of the class's because the negative pub-

licity arising from the class action would call the schools', and consequently, those plaintiffs' reputation into doubt. *Id.* at 1018. This, in turn, would affect the livelihood of those plaintiffs which depends upon their reputation. *Id.* at 1018.

The speculative nature of the alleged conflict of interest in *Rosario* is readily apparent since the conflict could only arise if certain contingencies were met. By contrast, the conflict in the instant case arises from extant circumstances—Nicholas Radell, as a former board member, can be found liable for damages for breach of fiduciary duty. This is necessarily antagonistic to the class's interest in proving that the board breached its fiduciary duty. Similarly, *G.A. Enterprises* involves a shareholder derivative suit in which plaintiffs charged the defendant corporation with mismanagement and waste. *Id.* at 25 n. 1. The court held that the representative plaintiff had interests antagonistic to those of the class because there was ongoing litigation involving multiple suits between the class and the named plaintiff's principal in which the principal's interest outweighed the named plaintiff's interest in the proposed class action. *Id.* at 27. The court further stated that while "purely hypothetical, potential or remote conflicts of interest do not disable" class certification and antagonism irrelevant to the proceeding may be disregarded[,] . . . "these principles have not been read to prevent a court from taking account of outside entanglements making it likely that the interests of the [class] will be disregarded in the management of the suit." *Id.* In the instant case, the antagonism is directly relevant to the proceeding and therefore should not be disregarded. There is no speculation about Nicholas's former board position or that he will be liable in his capacity as a fiduciary if it is proved that the board breached its fiduciary duty. (*See infra*). This conflict is concrete and palpable and thus precludes class certification.

Nonetheless, plaintiffs argue that they are fair and adequate representatives because (1) they are no longer employed by Towers Perrin and thus "cannot be enticed for any reason to compromise their claim;" (2) Nicholas Radell is obligated under ERISA as a fidu-

ciary to take reasonable efforts to remedy the breach; (3) Nicholas Radell had retired at the time the GICs became effective and therefore cannot be held liable; and (4) Jennifer Radell is a viable representative even if the court deems that Nicholas is not. Each of these arguments is flawed for the following reasons.

■ First, that neither named plaintiff is presently employed by Towers Perrin has no bearing on the conflict that exists. Indeed, the conflict lay not in plaintiffs' employment status, but rather in Nicholas Radell's potential liability if the class he seeks to represent prevails. Second, there is a provision under ERISA which states that a fiduciary may be subject to liability "if he has knowledge of a breach by [an]other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach." 29 U.S.C. 1105(a). Nicholas maintains that, as a fiduciary, he is required under this provision to bring the instant suit and "defendants' arguments are irreconcilable with the standards ERISA demands." However, Nicholas is required only to make *reasonable* efforts *under the circumstances.* It is not reasonable under the circumstances to bring a class action as a named representative where there is an obvious conflict of interest. Moreover, Nicholas will not have breached his duty under ERISA if he is legally precluded from being a named representative in this action by this Court. Third, plaintiffs' claim that liability for the purchase of the GIC cannot attach to the board until the purchase was final is unsubstantiated and unpersuasive. Radell retired on December 31, 190, one day before the purchase of the GIC was effective. (Motion ¶ 16). However, as defendants point out, the conduct relevant to this litigation is the decision to purchase GIC and the attendant negotiations, which occurred prior to Nicholas's retirement. Thus, Nicholas can still be implicated in this litigation.

■ Finally, plaintiffs contend that Jennifer Radell is a valid representative of the class because, she is not a board member, her employment at Towers Perrin predated her marriage to Nicholas, and her participation in the plan was by virtue of her employment status at Towers Perrin and not through Nicholas. However, Jennifer's conflict of interest does not arise out of any theory of fiduciary duty or third party benefit; rather the conflict arises out of her marital relationship with Nicholas and thus, their common financial interests. Plaintiffs further argue that preventing Jennifer from representing the class violates her right to due process. Plaintiffs do not offer, nor can this court find, any support for such a lofty assertion. In fact, there is no right to be a class representative unless all requirements under Rule 23 are met. It is the burden of the plaintiffs to prove that their interests are not antagonistic to those of the class. Moreover, other courts have held that a familial or other close relationship may serve to bar a class representative from proceeding as a named plaintiff where there is a conflict of interest and no other representatives are named. *See e.g., Robin v. Doctors Officenters Corp.,* 686 F.Supp. 199, 203 (N.D.Ill. 1988) (continuing business relationship); *In re Technical Equities Federal Sec. Litig.,* Fed. Sec. L. Rep. (CCH) ¶ 94,093 (N.D.Cal. Oct. 3, 1988) (Exh. F) (marital relationship); *Shankroff v. Advest., Inc.,* 112 F.R.D. 190 (S.D.N.Y.1986) (familial relationship); *Swanson v. Wabash, Inc.,* 577 F.Supp. 1308, 1326 (N.D.Ill.1983) (familial and social relationships). Here plaintiffs are the only named plaintiffs, thus, there is no basis for allowing either of them to proceed as representatives. For the foregoing reasons, this Court finds that plaintiffs have failed to meet their burden of establishing fair and adequate representation. Accordingly, plaintiffs' motion for class certification is denied.

### Conclusion

WHEREFORE, for the reasons stated in this memorandum opinion, plaintiffs' motion for class certification is denied.